Good morning, may it please the court Council if you'll come a little closer to that. No, I'm sorry And this is better. There's a button on the side of the podium to your right that can raise Thank you, thank you Good morning. I'm Brian Marty. I represent the appellants and the cross at Belize in this case a Whistleblower sounds the alarm. He does not echo it. That's this court in Hayes versus Hoffman Perfect distillation of the public disclosure bar section of the False Claims Act Now the False Claims Act incentivizes citizen participation and blowing the whistle on fraud on the government But the public disclosure bar closes the door To what this court has called Opportunistic plaintiffs who don't add anything to the disclosure of the fraud and that's this case. That's what we have here Dr. Grant the plaintiff got copies of two Medicare audit letters that Alleged overbilling of New patient visits and established patient visits on the part of dr. Zorn the defendant He took those allegations from those disclosures Used them as his substantive allegations of overbilling in his complaint He attached the CMS letters the Medicare letters to his complaint as support and that's exactly what the public disclosure bar precludes Counsel wasn't grant the first one to allege fraud Sort of and that's a good question In the district courts order on summary judgment, that's what the district court said is that dr Grant was the first one to allege intent or False Claims Act specific say enter But that's not the standard in this circuit or to my knowledge anywhere else Wouldn't all of the elements need to be there in order for there to be a problem for the whistleblower Yeah, no, that's a good question You know in this circuit From CSL bearing the court has said that All that's necessary is that the transactions in the public record or in the record that's disclosed need to raise a reasonable inference of fraud So if we look at and there's a number of cases from the circuit where this court has said the public disclosure bar applies where nothing at all is said in the disclosures about intent or An ally an express allegation of fraud what authority are you referring to sure CSL bearing polis versus striker Cracks burg versus Kansas City Power and Light Hayes v Hoffman and So an express allegation of fraud is not required to trigger the bar Just that the transactions that are disclosed raise a reasonable inference of fraud. How do we know a reasonable inference of fraud is raised? Well, because dr. Grant did exactly what Hayes did In Taking his allegations right from the disclosures and using those in his complaint and then attaching those letters to the complaint That's exactly what the court said disclosures talked more about Filling problems and we want to educate your staff and that sort of thing then they did about alleging any type of intentional fraudulent activity That's right One of the Medicare letters though actually looked at a sampling of patient records Went through the records determined was the code applied to that particular encounter Accurate or not said it was inaccurate most of the time which were the allegations in in this lawsuit The Again I don't I don't the standard just isn't an allegation of fraud Dr. Grant has argued on appeal that these were that these were education letters and not audits I think that's sort of a semantic distinction without a difference and I think they can be education letters and audits frankly How did they refer to themselves? Well, I don't think they referred to them as ed as either but an audit is Formal examination of an organization or individuals records which these clearly were So they can be both education letters and audits or a report Which separately is subject to the public disclosure bar? But even an audit doesn't imply fraud doesn't lead to an inference necessarily of fraud Well, could you be an honest mistake? Somebody doesn't understand how to code the Probably a spectrum of honest mistake to inference of fraud in this case the district court in its summary judgment order said that The letters disclosed a suspicious pattern in his billing which was billing that was Fairly wildly outside of the norm for doctors in his practice in his specialty Combined with Well when you combine that with the fact that there were two of these letters one in 2016 and one in 2018, of course Dr. Grant alleged and has said to this court that Dr. Zorn's intransigence in the face of this education was Indicative of fraud. So certainly that second letter a year and a half later Which was the audit which actually was was after the audit of patient files Excuse me would rise to that level of Giving us a reasonable inference of fraud So I think the district court aired and this is where the district court aired is applying a different standard that's just not not applied Requiring an express allegation of fraud on its face in those letters Which there wasn't but which isn't the standard? I don't think the court has to go any farther or any further than Hayes versus Hoffman here on the public disclosure issue in Hayes the DHS reported issue was disclosed to Hayes that was the public disclosure and then Hayes turned around and used it in his in his complaint One thing in Hayes that's not here is that Hayes was an original source of at least some of the allegations in the disclosure Well doesn't grant have some personal knowledge of what was going on having worked there for the number of years that he did and he was a source of Aspects of what was taking place? Well on the first aspect Yeah, he certainly did have his own personal knowledge, but that doesn't satisfy the original source exception for the original source exception to apply The the plaintiff has to Voluntarily provide his material evidence to the government before filing a lawsuit and That evidence has to or that information has to materially add to what's already in the public disclosure He fails on both of those fronts. Well wouldn't his Intimation or at least statement or statement about the intent of The misbilling Have added something to the public disclosure. I don't think so because at that point You know intent in a fraud case is is circumstantial in every case So he as much he was inferring fraud from those that behavior that was disclosed as much as we would be Inferring it from those records for purposes of considering the exception or the public disclosure bar So wait a minute he when this case was tried the relator Relied solely on the anomalous You know statistical anomaly Didn't did he also add anything about I had discussions with with the other doctor and we agreed He was telling people to code up that kind of thing. Yeah, he did But does that materially add to sure that's direct evidence of intent well I Think it adds color and detail to what's already been disclosed, which is the anomalous the anomalous You know billing in and of itself could have been a mistake right So he's adding that fraudulent intent element perhaps the way I see it is again back to the spectrum of accident or lack of education on the one end of the spectrum and Intent on the other end or reasonable inference of intent I think the disclosures were at this end of the spectrum. They they alleged or argued sort of a pervasive course of conduct in over billing these new and established patient visits so the fact that Dr.. Zorn had told dr. Grant. You should bill at a higher level I'm not sure is evidence of His intent as much as it is evidence of his course of practice from which we can infer intent Through that transit through that conversation sure, but also through the disclosures Well was there more to it was there you know? Him telling him to do it the higher one and him saying well. I don't think that's appropriate him saying well Just do it anyway Now was there that kind of testimony I believe you've summarized the the dr. Grant's testimony. Yeah, yeah And this public disclosure bar applies not only to the claims that the district court found liability on Which are the code 99205 initial patient visits it would apply to the codes that are on cross-appeal as well 99204 215 214 For which the district court found no liability because there weren't records submitted at the trial level Unless the court has more questions on the public disclosure bar. I'd like to touch on the Eighth Amendment excessive fines issue with my remaining time The due process clause or what the Eighth Amendment The Eighth Amendment successive fines clause applies to the treble damages and statutory penalties component of False Claims Act damages I would like to ask you about that counsel as far as I'm able to determine this is a question of first impression in this circuit and As to whether the excessive fines clause applies in a non-intervened case. Did you address that? Sure, and on the non-intervened case. I think it is Aleph States that in an intervened case the excessive fines clause applies There's some out-of-circuit authority indicating that for the same reason The excessive fines clause applies in a non-intervened case. I think it's just one circuit. Isn't it the 11th circuit? I'll take your word for that I don't have it at my fingertips, but I believe so but the analysis would be the same the government stands to benefit from the recovery And So The due process clauses test for excessive punitive damages is the standard under Aleph For excessive fines on the in the false claims context The Supreme Court has set a four to one ratio is sort of pushing the limits of constitutionality on Punitive damages a ratio of punitive to compensatory damages in this circuit a ten-to-one ratio is is the outer boundary With the exception of either de minimis compensatory damages or extremely reprehensible conduct The Andrzejczyk case was discussed in the briefing it was actually brought up by dr. Grant first in Andrzejczyk Well Andrzejczyk involved a cult leader who for a period of years systematically physically and emotionally abused minors Which this court appropriately considered to be extremely reprehensible conduct, but for which it assigned a four-to-one ratio In this case the district court assigned a 75 to 1 ratio of Treble damages and statutory penalties I Candidly, I think it was a math error by the district court because it said it was intending to reduce the penalties to a 25 To 1 ratio, but failed to recognize that it had already trebled the actual damages Yeah, as I understand part of your argument is that the treble damages are partly Compensatory and partly punitive and the district court failed to sort that out, right? Yes, well kind of on the wouldn't you have to sort that out before you applied any ratio Yes, and I think the court did not sort that out first. Let's assume you're right, where would that leave us? Are we to try to figure that out or we to remand that to the district court to try to figure out? What the punitive and compensatory part is and what the appropriate ratio is. Sure. Well, what sort of remedy are you seeking? Well, it's a de novo review. I think this court can can sort that out itself And if the court looks to the Drakeford versus Tomei Fourth Circuit case I think that provides a good roadmap for how to sort the compensatory and punitive damages out. Essentially. It's a math problem The amount of the treble damage is allocated to the relator in a false claims case Would be compensatory and the balance would be punitive. So under that Analysis, we still have almost a 50 to 1 ratio in this case, which is excessive and why? Why is the percentage that the relator gets? Why should that be considered compensatory? Well Because it's part of the I Think the Drakeford analysis was that not that it is compensatory Because it doesn't go to the government, but yeah, that's not punitive. It goes to the relator Right. Okay, right But women go ahead and finish the answer though why Why should that be considered compendium, I know it compensates the relator but In this analysis of what is punitive and what is compensatory? Well, sure Candidly, I'd love for the court here to say it's not compensatory because that changes the ratio to my clients benefit But I'm conceding that there is authority that says it's compensatory. I think by virtue of it being Part of the cost of doing business in a false claims case, which is giving some of the Some of the damages award to the relator With that I'll reserve my remaining time for rebuttal. Thank you. Mr. Marty. Thank you Mr. Libri Thank you May it please the court counsel My name is Derek Liberty. I'm here on behalf of Relator, dr. Steven Grant Relator for fraud against the United States and state of Iowa governments performed by dr. Zorn. I want to pick up where the court and mr Marty left off on this Excessive fines clause and the distinction between the due process clause and the excessive fines clause because that distinction does matter Here what the district court found was pervasive and egregious fraud against both the governments of the United States as well as the state of Iowa The relief prescribed is by statute that statute that the statutory relief is hitched to the federal civil penalties inflation Adjustment Act The court in awarding the civil penalty varied downward from that statutory relief and under-calculated the civil penalty Appellants want that court to be varied down even further. That's not what the Constitution demands The test under the excessive fines was what is the error of the district court? Where did the court go wrong in your? Thank you, your honor, there are two errors. The first is a statutory interpretation piece. There's a regulation that applies the civil penalties Inflation Act Adjustment Act and The court never adjusted for any claim before November 2nd of 2015 So you're saying inflation should have bumped it higher correct by about three hundred and seventy thousand dollars From there the district court perceived an obligation to apply a ratio But of course the Eighth Amendment never requires a ratio But didn't the district court also err with the argument that they raise? which is in order to when you go to calculate the Percentage you have to determine how much is compensatory and not all of the trouble damages Which is what the district court used are compensatory So, isn't there a problem I mean I get your in place inflation argument, but isn't there also a problem based on their argument Respectfully your honor I disagree and I think it's important to appreciate that the district court took a careful measured view and a calculation of the statutory penalty and As to the distinction between compensatory and not this has been resolved by the brecci case the brecci case says when you when you're doing A multiplier that's compensatory. It's compensatory because the government had to conduct some investigation in this case They conducted civil investigative demands sent those to dr. Zorn. Dr. Zorn Responded the government had to pour over records. The government had to facilitate a pending False Claims Act case At the district court level and so there is a compensatory aspect and that's what brecci stands for Mr. Marty sets to a compensatory aspect of what of the troubling excuse me, but isn't there also a punitive? Only because it because to get to trouble you treble the compensatory damages, right? Well That's not what brecci sold and a left makes clear that you need in order to invoke Punitives in order to invoke the excessive fine squads. It needs the troubling needs to be quote in Combination with civil penalties. So the civil penalties of a trigger and this comes from 1871 Supreme Court precedent with its Stockton. It's cited in the briefs What were this troubling this doubling this quadrupling when it's a done by a ratio like that. It's treated as compensatory Whereas the excessive fines clause is only invoked allegedly under a civil penalty analysis to the court's good point In a non-intervened case, where is the excessive fines clause violation? and That's the distinction between the due process clause and the excessive fines clause Under the excessive fines clause the United States Supreme Court precedent Baja Kajian says we look to the statute first. Well, let's talk about that first and the non-intervened case. I Understand the the relator gets a higher percentage, but still the bulk of it goes to the government, right? That's correct But it's not the government. It is a private citizen. And that's why we have I believe Well the percentage that goes to the to your client, right? Is a private citizen. The remainder goes to the government Sure, but that doesn't address the Baja, Kajian standard for the excessive fines clause and so how we're distributing this troubling and how we're distributing this punitive civil penalty it It doesn't matter under Baja Kajian the first step is we look at we look to the statute the very first step and the most important step is we look to The statute and here the statute spoken on both those grounds it says we treble because that's treated as compensatory under long-standing 1871 Supreme Court precedent and We look to the statute on the civil penalty because the test under the excessive fines clause is merely one of reasonableness and reasonableness Congress has spoken on that we defer to Congress In fact Baja Kajian says we give substantial deference to Congress's statutory relief in this respect the second component the secondary Component of the excessive fines clause is reprehensibility and the district court found egregious conduct here found contriving diagnoses to facilitate transfer to a cell phone business Contribing diagnoses to facilitate up coding billing these highest level codes And yet counsel it was economic harm not physical harm that was involved wasn't Disagree respectfully your honor. I think the problem is Dr. Zorn's conduct shackled his patients to a Chronic lifelong diagnosis with a chronic lifelong durable medical equipment Prescription which that patient now has to live with. In fact, dr. Grant credibly testified at trial and the district court credited the same that There were instances where dr. Grant had to treat Dr. Zorn's patients because dr. Zorn was not adequately treating the presenting problem And so there is an economic component certainly fraud against the government lost the public fisc all reasons to have a substantial Punitive component substantial penalty, but there's also physical harm to his patients through these false diagnoses and And Shackling them for life with with a chronic lifelong prescription that many found incompatible Which is why dr. Grant testified on that point even with the finding of Reprehensibility or are there cases where we've approved 25 to 1 there are several your honor I'll start with the 8th Circuit. There's a Grabinski case where we've approved 27 to 1. There's a Deli, that's how it's pronounced the 24.75 to 1 Both of those were punitive damages under the due process clause again, not under excessive fines clause Importantly when we're looking at the excessive fines clause again, we go back to the statute We accord substantial deference to Congress and that's what the district court Started to do here before she buried below what the statute requires It's important to appreciate again that this was a very measured Calculation district court undertook there were just two errors. She she perceived a ratio That that doesn't exist every case Baltazar to me It's Supreme Court precedent gore TXO Bajajan, they all say we don't do ratios We don't do ratios because that's not what the Constitution demands the text of the Constitution is one of reasonableness and that's what we apply and so it I think it's TXO says Circumstances where you have a jury with biases and passions and prejudices Are quote significantly different than when Congress has made a legislative choice here. We have the latter We have a legislative choice. We have to accord deference to that Do I understand this right that the the actual out-of-pocket loss to the government here That was proven and accepted by the district court was about eighty six thousand dollars. I Think that's correct. Your honor, but it's important to remember and the civil penalty is About a little less than six and a half million dollars. I Think that's correct. Your honor, but it's important to remember that The finding of a part of a larger fraud scheme and this is to me this is TXO the when you have a larger fraud scheme low compensatory damages the Punitive if you will that the penalty should be higher and here we have zero dollars to Medicaid Though we found false claims zero dollars to TRICARE though. We found false claims zero dollars for these Contrived sleep apnea diagnoses and and so we have a really low compensatory damages What we really have is excuse me a really low. Yeah, really low compensatory damages. What we have is a three to one ratio We have three Programs worth of fraud Medicare Medicaid and TRICARE for civil penalty compared to just one program of Difficult for appellants to suggest that That Is there a case that has approved 75 times larger civil penalties? There are several your honor There's a United States Supreme Court case that says it's Haslip It's a 200 to 1 and it's important to remember in Haslip The Supreme Court reminded that we're not just looking at the actual harm looking at the potential harm The potential harm here is codes that the district court Credited were fraudulent credited that this medical record keeping Through the use of the template was fraudulent But did not find liability for because she perceived an obligation to review the medical records, which again Wouldn't tell you anything because they were already deemed fraudulent. And so we have a Three to one ratio between what we're looking at for punitives what we're looking at for compensatory which inflates it Seem higher than it is we have obstructive sleep apnea diagnoses and Compounding return visits that are not credited and we have these other codes that were not credited because the district court viewed an obligation to review medical records, which she already determined would have been fraudulent in any event and So it's difficult to say that There is no reprehensibility here when when the district court in their careful measured 88 page trial order found Otherwise that that's a fact-finding this this court should not disturb particularly under the Bajikasian standard where we defer to Congress particularly under the Andrisek's definitions of reprehensibility as Referenced by Bajikasian as referenced by TXO and by Gore So the district court erred in varying downward when there is no obligation to do so every court has that has confronted the issue has rejected a Mathematical bright line rule rejected a ratio application. This court should not be the first to defect on that ground It's also Moving towards towards the Additional codes that the district court declined to find liability on declined to find damages on The Supreme Court last term said quote what matters for an FCA case is whether the defendant knew the claim was false That's shoot that's shoot from from this year Nowhere in appellants brief nowhere in appellants argument have Appellants demonstrated where that was in the CMS letters first of all, but secondly why this finding of fraudulent documentation underlying each code Does not confer liability for the False Claims Act He knowingly frauded the medical records to inflate the code. He built that code These codes are in established patient visits 99215 99214 the underlying fraudulent Documentation falsified the medical necessity rendered a false code a knowing false code. The district court should have accorded Additional liability and damages on that ground. What evidence was Offered as to those other codes Thank you, Your Honor Dr. Zorn's template where he he input He input physical examination components that could not physically be performed in the exam rooms He said he was doing abdominal palpations. You have to be in the supine position lying on your back to do that There's only a loveseat in the exam room There is no room to do a supine position abdominal palpation District Court found accredited that district court found accredited other items in this template were unnecessary medically, which is the statutory requirement in order to bill Medicare Medicaid and So the underlying documentation itself is fraudulent I suppose the better question is what benefit would looking at this fraudulent documentation do in Determining whether the code is accurate or not because what's documented is not what occurred It can't be and the district court found that and so what would looking at those documentation records do for liability? so to answer your question specifically the fact that The medical examinations that were conducted were conducted fraudulently is sufficient to establish liability on those 99215s and 99214s particularly when those are the only codes doctors aren't billed Counsel you getting low on time, but you wish to respond to the public disclosure bar. Thank you. I appreciate the opportunity The court is right to to look towards I enter Because as Defense counsel even wrote in resistance to dr. Grant's Affirmative motion for summary judgment. There is a considerable difference between claims that may have been encoded Incorrectly under ambiguous guidelines and fraudulent claims for purposes of the False Claims Act Defense Counsel acknowledges that defendants Dr. Zorn acknowledged there is a distinction. This was a case about cyanter It was a case about cyanter because of dr. Zorn that's what he challenged he said It wasn't it wasn't knowing fraud. I just needed additional education it's not what the district court found in fact what the CMS education letters are they they spell it out you you will not see The word audit anywhere in those letters what you will see is the word education Under the Social Security Act didn't the January 2018 letter though broach the subject of fraud it broached the subject of Overbilling it broke the broach the subject of he's billing a lot of fives. This is this is problematic now, it doesn't broach the The actual cyanter piece it doesn't say this is fraudulent It says these were billed wrong, and that's one of the essential pieces I think it's a Rebushka versus crane is the case that says you need all essential elements of the claim to be publicly disclosed Here we don't have a right channel, but more importantly and with a district court fact found is we don't have a Disclosure of all the essential elements in fact the case law in this circuit is The mere presentation of the subject matter of the transactions is Insufficient to implicate the affirmative defense the mere subject matter that the mere disclosure of the subject matter is not Enough you need all of the essential elements, and this is you can see this in the rebushka of Ukraine case But it's also in the Minnesota Association of nurse Anesthetists case Alena health in that case they said you need both the representations And why that representation is false here. We only have one of those we only have he billed a five We don't even know that they're false yet Let alone whether they're knowingly false whether they're frauded And so that cyanter piece is important defense appellants Don't mention Baltazar Which is a miscoding case? And Baltazar stands for the proposition that when you have allegations of a lot of coding It's not necessarily a public disclosure Baltazar found there was no public disclosure because there was no disclosure of cyanter Holloway the same thing to Your honor's point earlier the import of the letters are education and Holloway says when the When The recommended action is education not investigation We don't have a public disclosure. We don't have disclosure of our own. We don't have the cyanter Appellants raised the point that dr. Grant Assumed or based his claims off of these these letters. It's simply not true The court had exhibit 22 and I think defense counsel appellant counsel acknowledged he did attach him to his complaint There were two of 14 attachments. I mean, there's a plethora of others The petition wasn't just a four paragraph petition that appellants put in their brief It was an extensive 90 paragraph petition with 14 attachments. It wasn't just the letters In fact, there was there are far there are far more other pieces. There was the pressure that dr. Zorn Exerted on dr. Grant to bill more to refer more to his sister company, Iowa CPAC There is the template There is the fact that dr. Zorn collapsed the the patient appointment time slot such that it wasn't long enough to satisfy the o5 Codes nor the one fives nor the one fours and There are also physical examination components allegedly documented in the medical records to support these fraudulent codes, which could not have been done or Were not medically necessary. This is all the district courts fact-finding. This court doesn't disturb the district court fact-finding on no authority Nor do I think it would be appropriate here Lastly I'd repeat that this is no longer jurisdictional the public disclosure bar is an affirmative defense from the 2010 amendment and and the analysis that appellants have provided is Out of date to use better phrase. So in conclusion, I know my time's running out Dr Grant would respectfully submit the district court erred in varying downward from the statutory relief and the Constitution makes no requirement to do so and Erred in provide not providing liability and damages on codes that she already found fraudulent The district courts fact-finding in this case was measured Careful and correct and should not be disturbed. Thank you. Thank you. Mr. LaBrie Mr. Martin your rebuttal Thank you Briefly on the excessive fines clause Counsel mentioned I think he said contrived diagnoses. They used that phrase in the brief That was 404 be evidence at the district court level ConAgra versus Williams cautions us not to use or to only use conduct that's related to the claims at issue when considering Reprehensibility or Reasonableness Council mentioned TXO products. That's a Sort of the standard potential harm case where the court can consider the monetary value of potential harm In making the reasonableness assessment. This is not a potential harm case On the public disclosure bar council mentioned Rebushka and the essential elements of the transaction requirement for triggering of the bar rebushka and other cases In those cases the courts grapple with The phrase allegations or transactions in the public disclosure bar language when talking about a transaction It's not for instance. It wouldn't be sufficient if there was a public report that said dr Zorn is a sleep medicine physician. He bills Medicare for Patient encounters. Is that a transaction? Sure, but is that a transaction that triggers the bar? No, because we have to add to that that those bills are false That's the X and the Y from rebushka from which Z fraud can be reasonably inferred With respect to Baltazar and Holloway that council mentioned those two cases involve reports of industry-wide compliance problems Without signaling or singling out a particular Defendant or offender those courts found that the public disclosure bar didn't apply to particular Defendants who weren't identified in those disclosures. That's not this case. These letters were directed at dr. Zorn and at his Specific billing practices Council talked about The other billing codes for which the district court found no liability by virtue of no actual patient records being admitted at trial No patient billing records associated with those those records and no expert medical Testimony as to whether those codes were billed accurately or not And council sort of seemed to intimate that kind of fraud in the air was was good enough for those I'll point the court to Joshi versus st. Luke's Hospital. It's a it's a 9b decision Where the court says at the pleading stage a relator has to plead Representative examples of false claims being submitted to satisfy the heightened pleading requirement under 9b Certainly if representative examples are Required at the pleading stage, it's not unreasonable that we expect them to be introduced at the proof stage at trial So the district court did not Did not err in finding no liability on those codes and again those codes are subject to the public disclosure bar Just the same as the codes the district court found liability on so in summary the court should reverse the district court on Liability on 99205 under the public disclosure bar It should also reverse the district court on codes outside of the sampling We didn't there was a lot to cover here and we didn't talk about sampling Should reverse on Liability on all codes outside of the sample that the medical experts reviewed Should affirm the district court on the codes for which evidence wasn't submitted at trial should affirm the district court on punitive damages in the retaliation context and should Substantially reduce the tribal damages and penalties in any event under the excessive fines clause. Thank you Thank You. Mr. Martin. Thank you. Also, mr. Labrie the court. Thanks both counsel for your participation in argument before the court this morning We'll continue to study the briefing and render decision in due course Thank You councilman